# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELAIDE BORDEAUX,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GREG ABBOTT, et al.,<br><br>　　　　　Defendant. | CASE NO. 11cv2328-LAB (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Adelaide Bordeaux filed her complaint along with a motion to proceed *in forma pauperis* ("IFP"). The IFP motion shows Plaintiff, though gainfully employed, owes large amounts of nondischargeable debt in an amount equal to over five times her annual salary. The Court therefore finds she is without funds to pay the filing fee, and **GRANTS** the motion.

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Bordeaux is suing the Attorney General for the state of Texas, and the director of the

Attorney General's office in their official capacity under 42 U.S.C. § 1983. She is suing because she believes Texas state officials are incorrectly attempting to collect child support from her even though her children live in California, not in Texas. The complaint alleges that the garnishment order increased the amount withheld from her wages, and that she has attempted to get officials to review her case but has not yet heard back. According to the complaint, a response had been promised by July, 2011 but had not yet been received. The complaint argues the Texas Attorney General should have responded to her request for an investigation, and as of the time of filing, had not done so.

Although Bordeaux seeks punitive damages under § 1983, she has not identified any basis for such an award. The alleged fact that Texas officials are slow in considering her arguments does not mean she has been denied due process or equal protection, particularly because those proceedings are still ongoing. Attached to the complaint is a letter from the U.S. Department of State explaining that Bordeaux's passport application was being denied because the Department of State had been notified that she was in arrears on her child support payments. But no one from the Department of State is a Defendant in this case, and this collateral effect does not transform a state-law cause of action into a federal one or give this Court power to review Texas' child support order.

Finally, this case appears to be in part a *de facto* appeal of a state judgment awarding child support, because although the complaint says Bordeaux was ordered to make some payments to the state of Texas, she is now claiming that was error. *See Lewis v. Attorney Gen'l of the State of Texas,* 101 Fed.Appx. 425, 426 (5th Cir. 2004) ("Similar to the enforcement of an existing judgment, the child support review orders were a court-ordered collection of arrearages on existing child support orders.") The Court lacks jurisdiction over such appeals. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (citations omitted) ("[The *Rooker-Feldman* doctrine] stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments.")

/ / /

This action is therefore **DISMISSED WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND**, for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED: March 9, 2012

**H**ONORABLE **L**ARRY **A**LAN **B**URNS
United States District Judge